RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK

DATE _10 / 18 / 11_

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

FRANKIE PARKS (D.O.C. #528590)      DOCKET NO. 11-CV-758; SEC. P

VERSUS                              JUDGE DEE D. DRELL

AVOYELLES CORRECTIONAL, ET AL.      MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Frankie Parks filed the instant civil rights complaint in forma pauperis and pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (LDOC) and is currently incarcerated at the Avoyelles Correctional Center (AVC) in Cottonport, Louisiana. He complains of his conditions of confinement and alleges that he was denied adequate medical care. He seeks damages of $1.5 million dollars. Plaintiff names as defendants AVC and Warden Lynn Cooper.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Factual Allegations

Plaintiff alleges that on February 1, 2010, he was housed in "the cell block" when he attempted to get out of his bed to use the bathroom. He alleges that because the beds have no ladders, he had to use the bars to climb down. He slipped and fell to the floor, injuring his neck and back. Plaintiff states that he sought medical attention "during this incident and received none." Plaintiff was ordered to amend his complaint to allege deliberate

indifference on the part of the warden regarding his fall or the alleged denial of medical care.

### *Law and Analysis*

Not all inadequate medical treatment rises to the level of an Eighth Amendment violation; "it is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." See id. at 106. A plaintiff must prove "objectively that he was exposed to a **substantial risk of serious harm**," and that "jail officials acted or failed to act with **deliberate indifference** to that risk," which requires actual knowledge and deliberate disregard. Victoria W. v. Larpenter, 369 F.3d 475, 483 (5th Cir. 2004), *quoting* Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir. 2002). The facts underlying a claim of deliberate indifference must clearly evince the serious medical need in question and the alleged official dereliction. Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985).

Plaintiff has not alleged a substantial risk of serious harm or any serious medical need for which he needed treatment. A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required. Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006).

Additionally, Plaintiff has not presented allegations of the denial of medical care. In his amended complaint, Plaintiff states

that he requested medical care after his fall, but was "only" seen by a nurse instead of a doctor.  This allegation, without more, fails to state a claim of deliberate indifference to a serious medical need or a denial of medical care.  Prisoners are not entitled to the "best medical care money can buy." See Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).

Plaintiff writes in his amended complaint that he was unable to obtain a copy of his medical records from WNC.  However, the court did not ask for his medical records.  Plaintiff was asked to state how the defendants acted with deliberate indifference; the medical records were not necessary. Plaintiff has failed to allege deliberate indifference on the part of the defendants nor has he alleged a substantial risk of serious harm or a serious medical need for which he was refused treatment.

### Conclusion

Plaintiff has been allowed to amend his complaint [Doc. #11], but he has failed to allege more than a conclusory allegation. Accepting all of Plaintiff's non-conclusory allegations as true,

**IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and

recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _____ day of October, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE